Robert A. DePiano
State Bar Number 89341
187 Calle Magdalena, Suite 114
Encinitas, CA 92024
(760) 632-2636
(760) 632-2682 fax
depianolaw@roadrunner.com

Attorney for Plaintiff,
Liberty Media Holdings, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC | Case No. 09-CV2284-W-POR |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| vs. | **(1) COPYRIGHT INFRINGEMENT** |
| DAVID TRICE, ERIC BROWN, JOHN DOE 2, and DOES 3-50 | **(2) TRADEMARK INFRINGEMENT** |
| Defendants | **(3) INJUNCTIVE RELIEF** |

Plaintiff, Liberty Media Holdings, LLC, a California Corporation (hereinafter "LMH" or "Plaintiff") filed this Complaint against multiple Defendants for violations of LMH's intellectual property rights, namely LMH's copyrights and trademarks, which are being infringed upon by multiple persons. Plaintiff was ignorant of the true names of all Defendants when the Complaint in the above-named case was filed, but has discovered the name of an additional Defendant—Eric Brown (BROWN). Accordingly, LMH hereby amends this Complaint to assert claims against BROWN in lieu of John Doe 1.

## INTRODUCTION

1. The Plaintiff, Liberty Media Holdings, LLC produces high quality adult entertainment films, which are distributed throughout the world on DVDs and over the Internet on a website where its members pay a monthly fee for authorized access

to LMH's works.  One of the Defendants, David Trice (TRICE) purchased a monthly membership to LMH's website, used that membership to download the Plaintiff's movies, and now he manufactures DVDs of those movies and then sells those DVDs to the public.

2.      Defendant BROWN purchased one of TRICE's pirated DVDs and has further duplicated these pirated DVDs and sells them to the public as well.

3.      TRICE's and BROWN's actions are a clear violation of the Plaintiff's copyrights as protected by Title 17 of the U.S. Code; and, since their counterfeit DVDs bear the Plaintiff's federally-protected trademark and are sold under that trademark, the defendant's actions are a violation of the Plaintiff's trademark rights as protected by the Lanham Act.

4.      The Defendants' actions were willful in nature, entitling the Plaintiff to enhanced damages.  The Plaintiff seeks statutory damages, actual damages, an award of its attorneys' fees and costs of suit, as well as injunctive relief putting an end to TRICE's and BROWN's criminal activity.

## THE PARTIES
### The Plaintiff, Liberty Media Holdings, LLC

5.      Liberty Media Holdings, LLC (LMH) is a California corporation doing business as CORBIN FISHER®, with a mailing address of 302 Washington Street, Suite 321 San Diego, CA 92103.

6.      LMH produces, markets, and distributes works of original creative expression including Internet web content, DVDs, and photographs of an erotic nature.  LMH's website has "free tour" areas where G-Rated photographs may be viewed, but its more explicit erotic works are only available to individuals who pay a monthly subscription fee or who purchase a DVD from LMH.

7.      LMH prohibits persons who are under the age of 18 from accessing the more explicit areas of its website, and does not sell its DVDs to minors.

**Defendant TRICE**

8. LMH is informed and believes, and on that basis alleges that David TRICE is an individual who resides at 5624 Phoenix Drive, The Colony, Texas 75056.

9. Defendant TRICE is a senior financial analyst based in the Dallas area who also does business under the name "Make My DVD," and uses the eBay account "adt4229".

10. Under these names, TRICE manufactures and sells bootleg CORBIN FISHER® DVDs, which is the underlying conduct leading to this lawsuit.

11. Although LMH takes steps to keep its materials out of the hands of minors, TRICE took no such protective steps, thus potentially circumventing LMH's strong "no minors" policy.

**Defendant BROWN**

12. LMH is informed and believes, and on that basis alleges that Eric BROWN is an individual who resides at 118 Penn Vista Drive, Pittsburgh, PA 15235.

13. BROWN uses the eBay account id "e-man3700."

14. BROWN purchased pirated DVDs from TRICE as evidenced by the Ebay member feedback BROWN left TRICE on April 21, 2009, and his email dated October 23, 2009, to LMH's employee wherein he stated that the DVDs he sold were "originally purchased…from some guy on EBAY." See **Exhibit A**, LMH-002 and Exhibit B.

15. BROWN used TRICE's bootleg DVDs as master copies to manufacture and sell his own bootleg CORBIN FISHER® DVDs, which is the underlying conduct leading to this lawsuit.

16. Although LMH takes steps to keep its materials out of the hands of minors, BROWN took no such protective steps, thus potentially circumventing LMH's strong "no minors" policy.

### John Doe 2

17.  LMH is informed and believes, and on that basis alleges that John Doe 2 is a co-conspirator of Defendant BROWN.

18.  In an email to one of Plaintiff's employees, BROWN stated that he would not be burning the DVDs as "I had a problem with my computer burning software, but I had a friend burn them for me over the weekend." See **Exhibit B**, page LMH-004.

19.  As John Doe 2 burned and manufactured the bootleg DVDs that BROWN advertised and sold, he is a co-conspirator of BROWN's who aided and abetted BROWN, and infringed upon LMH's intellectual property. John Doe 2 is therefore jointly and severally liable for BROWN's acts.

### Does 3-50

20.  The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants sued herein as Does 3-50 are unknown to Plaintiff, which sues said Defendants by such fictitious names. If necessary, Plaintiff will seek leave of this Court to amend this Complaint to state these Defendants' true names and capacities.

21.  Plaintiff is informed and believes, and on that basis alleges, that these Doe Defendants should also be subject to the relief requested herein.

22.  Does 3-50 also intentionally induced Defendants TRICE and BROWN into committing the acts complained of herein, or participated in their activity and are accordingly contributorily, vicariously, or secondarily liable for Defendant TRICE's and BROWN's infringement.

23.  Plaintiff is informed, and believes, and on that basis alleges, that these Doe Defendants are in possession of the counterfeit goods produced by Defendant TRICE and should be ordered to forfeit such goods to the Plaintiff for destruction, and if they have in turn duplicated the goods, publicly displayed them, or have

otherwise also infringed upon the Plaintiff's rights, that they should be held responsible for these legal wrongs as well.

## JURISDICTION AND VENUE

24. This Court has subject matter jurisdiction pursuant to the Copyright Act, (17 U.S.C. §§ 101 et seq.), the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

25. This Court has personal jurisdiction over the Defendants, who have engaged in business activities in and directed to this district, and have committed tortious acts within this district or directed at this district.

26. Defendants TRICE and BROWN have solicited business from California residents, have transacted business with California residents, and have committed unlawful and tortious acts outside of California, which were expressly aimed at California residents, which they knew would cause economic injury in California, and which did, in fact, cause economic injury in California.

27. Plaintiff's claims arise out of this very conduct, which is expressly aimed at California.

28. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims pleaded herein occurred in this district.

## FACTS COMMON TO ALL CLAIMS

29. Defendant TRICE joined the CORBIN FISHER® website three times.

30. Each time, Defendant TRICE downloaded CORBIN FISHER® videos and stored them on his hard drive or other storage device(s).

31. Defendant TRICE placed advertisements on eBay stating that he would, for a fee, join the CORBIN FISHER® website on his customer's behalf, download videos at his customer's request, and then transfer these videos to a DVD for the customer. In describing his operation in this manner, Defendant TRICE attempted to make it seem as if he were joining the CORBIN FISHER® website on a one

membership for every one eBay sale ratio, and not merely purchasing a single membership and then creating dozens of pirated DVDs.

32. Defendant TRICE has sold more DVDs to more people than he has purchased CORBIN FISHER® memberships.

33. Even if Defendant TRICE had joined CORBIN FISHER® and sold DVDs on a 1:1 ratio, as he claimed in his eBay advertisement, this would still be a violation of LMH's copyrights and trademark rights, and was a clear violation of CORBIN FISHER's user terms and conditions, which TRICE agreed to when accessing the CORBIN FISHER® website.

34. While Defendant TRICE's subterfuge (as expressed on his eBay advertisements) does not excuse his violations of LMH's rights, it does demonstrate that Defendant TRICE is aware that LMH's works are protected by copyright and trademark law and demonstrates that Defendant TRICE is aware that unauthorized duplication and distribution of LMH's works is illegal.

35. Even if Defendant TRICE was unaware of this, and believed that his duplication and distribution of LMH's works was authorized under the law if he merely joined CORBIN FISHER® on behalf of a customer and provided that customer with DVDs of the content downloaded on that customer's account, TRICE did not pay a membership fee for every one of his customers.

36. Accordingly, even if Defendant TRICE's 1:1 "DVD transfer service" were legal, TRICE himself does not actually do what his ad says he does. It is mere subterfuge to attempt to hide Defendant TRICE's willful and blatant copyright and trademark infringement.

37. Defendant TRICE has sold pirated content in this manner to multiple parties, as evidenced by his eBay feedback page. See **Exhibit A**.

38. One of the people to whom TRICE sold his pirated DVDs was Defendant BROWN. **See Exhibit A**, LMH-002 and **Exhibit B**, LMH-003.

39. Defendant TRICE knew that the infringed upon works belonged to the Plaintiff, as did Defendant BROWN.

40. BROWN has further duplicated the illegally manufactured and distributed DVDs that he purchased from TRICE, and BROWN sells the second generation bootleg DVDs for profit.  See **Exhibit C**.

41. BROWN's knowledge of his unlawful activity is clear from the content of his eBay advertisement:

> Goto (sic) CorbinFisher.com for a free preview of the website and episode guide for full description & photos of each episode.  Also for free, explore photos of the guys on their Model Pages.  The episode names I use match the ones on the website…I'M BURNING A SET TO SELL.  THE DVDs WILL BE PLAIN AND SHIP IN A CLEAR PLASTIC CASE.  See **Exhibit D**.

42. BROWN's eBay ad listings were removed due to a copyright violation. BROWN knew this, yet BROWN continued to sell his pirated DVDs to individuals in this district.  See **Exhibit E** and **Exhibit B**, LMH-003.

43. Each of the audiovisual works at issue in this action is of high production value and is easily discernable as a professionally produced work.

44. Each of the audiovisual works at issue in this action is registered by the Plaintiff with the United States Copyright Office, or has an application for registration pending.

45. A list of names and registration numbers followed by true and correct copies of the registration certificates or applications for all works known, for a fact, to have been infringed upon by Defendant TRICE are attached hereto as **Exhibit F**.

46. A list of names and registration numbers followed by true and correct copies of the registration certificates or applications for all works known, for a fact, to have been infringed upon by Defendant BROWN are attached hereto as **Exhibit G**.

47. Each of the Plaintiff's works is marked with the Plaintiff's trademark, CORBIN FISHER®, a copyright notice, a warning that unauthorized copying is

illegal and will be prosecuted, and a statement regarding age verification records as required by 18 U.S.C. § 2257, and this statement makes it clear that the Plaintiff resides in this district.

48. Defendants TRICE and BROWN knew or should have known that the Plaintiff is based in San Diego, California, and that infringement of its works was likely to cause economic harm in California, and even if they were somehow ignorant of this knowledge, they knowingly shipped the bootleg DVDs to San Diego, CA.

49. One of Plaintiff's employees found Defendant TRICE's advertisement on eBay and documented the existence of the advertisement, ordered DVDs from the Defendant, and paid for this order with a credit card via PayPal. See **Exhibit H**, Declaration of Aaron Anderson (Anderson Dec.) at ¶ 2 and ¶ 3.

50. This same employee corresponded with Defendant TRICE, ordered more DVDs and paid for his second order by personal check. See **Exhibit H**, Anderson Dec. at ¶ 4.

51. On or about April 13, 2009, this same employee contacted Defendant TRICE and ordered three more DVDs from the Defendant. See **Exhibit H**, Anderson Dec. at ¶ 5.

52. Defendant TRICE provided these DVDs via US Mail to the employee.

53. Defendant BROWN similarly sold and mailed 9 DVDs with 70 copyrighted works belonging to CORBIN FISHER® to employees of Plaintiff.

54. Defendant TRICE has illegally manufactured hundreds, if not thousands, of counterfeit DVDs of not less than 66 of the Plaintiff's works, each of which is independently registered with the United States Copyright Office.

55. Defendant BROWN has illegally manufactured hundreds, if not thousands, of counterfeit DVDs of not less than 70 of the Plaintiff's works, each of which is independently registered with the United States Copyright Office.

56. Defendants TRICE and BROWN knowingly shipped and/or caused to be shipped counterfeit copies of the Plaintiff's works listed in **Exhibits F** and **G** into the Southern District of California.

57. Defendant TRICE and BROWN knowingly and willfully created and/or caused to be created and/or knowingly and willfully sold counterfeit DVD copies of the Plaintiff's copyrighted works through direct sales via eBay and via the Internet.

58. Neither Plaintiff nor any other person granted Defendants TRICE and BROWN the right to manufacture and/or distribute copies of the Plaintiff's copyrighted works.

59. At no time have Defendants TRICE or BROWN obtained the right to manufacture and/or distribute counterfeit copies of the Plaintiff's copyrighted works.

60. Although LMH takes steps to keep its materials out of the hands of minors, neither Defendant TRICE nor BROWN took such protective steps, thus potentially circumventing LMH's strong "no minors" policy, and may have, in fact, sold their bootleg DVDs to minors.

## FIRST CAUSE OF ACTION
### Copyright Infringement – 17 U.S.C. §§ 101 *Et. Seq.*
### (66 Counts as to TRICE, 70 Counts as to BROWN, and 70 Counts as to John Doe 2)

61. Plaintiff repeats and incorporates by reference each and every allegation set forth above in paragraphs 1 through 60, inclusive.

62. Defendant TRICE has illegally manufactured and sold many counterfeit DVDs of not less than 66 of the Plaintiff's copyrighted works.

63. Defendant BROWN has illegally manufactured and sold many counterfeit DVDs of not less than 70 of the Plaintiff's copyrighted works.

64. Defendant John Doe 2 illegally manufactured many counterfeit DVDs of not less than 70 of the Plaintiff's copyrighted works.

65. The titles that Defendant TRICE illegally counterfeited and thus infringed upon are listed in **Exhibit F**.

66. The titles that Defendant BROWN illegally counterfeited and thus infringed upon are listed in **Exhibit G**.

67. Plaintiff has registered the copyrights to each of these works, and copies of the copyright registrations are attached as **Exhibit F and G**.

68. Plaintiff owns exclusive rights and privileges in and to the Copyrights.

69. Plaintiff is the owner of all rights, title, and interest in the Copyrights at issue.

70. Defendants' conduct infringes upon the Plaintiff's Copyrights.

71. Defendants' actions constitute an intentional and/or willful infringement of the Plaintiff's copyrights.

72. On information and belief, as a direct and proximate result of their conduct, Defendants have realized and continue to realize profits and other benefits rightfully belonging to the Plaintiff.

73. Defendants have willfully engaged in, and are willfully engaging in, the acts complained of in this complaint with malice, fraudulent intent, and in conscious disregard for the Plaintiff's intellectual property rights and other legal rights.

74. Plaintiff has been damaged by Defendants' conduct, continues to be damaged by such conduct, and has no adequate remedy at law to compensate the Plaintiff for all of the possible damages stemming from the Defendants' conduct.

75. Pursuant to 17 U.S.C. § 504(c), Plaintiff elects to recover statutory damages in an amount of not less than $750 and not more than $150,000 for each infringement, in lieu of seeking recovery of actual damages.

76. As Defendants' infringement was intentional and/or willful, the Plaintiff is entitled to an award of statutory damages, exemplary damages, attorneys' fees, and the costs of suit.

///

## SECOND CAUSE OF ACTION
### Trademark Infringement 15 U.S.C. § 1125

77. Plaintiff repeats and incorporates by reference each and every allegation set forth above in paragraphs 1 through 76, inclusive.

78. Plaintiff is the holder of the following federally registered trademarks: CORBIN FISHER, Serial Number 78691008; CORBIN FISHER'S AMATEUR COLLEGE SEX, Serial Number 78691030; EXCELSIOR MEDIA, Serial Number 3200827.

79. Plaintiff's trademarks are inherently distinctive.

80. The relevant market associates the Plaintiff's trademarks exclusively with the Plaintiff.

81. Plaintiff includes its trademarks and logos on the packaging for its DVDs and in frames for the videos that it produces. This identifies the works as those of the Plaintiff.

82. Defendants include the Plaintiff's logos and trademarks on their counterfeit goods, including in frames on the videos on the DVDs that Defendants produce and sell to the public, and each counterfeit DVD produced by Defendants bears one or more of the Plaintiff's trademarks.

83. Plaintiff has made, and continues to make, substantial investments of resources in the production, marketing, and branding of its products sold and otherwise distributed under these trademarks.

84. Plaintiff takes great care in creating the look and quality of the films sold under its mark, including the production values inherent in the films themselves, but also including the packaging of its DVDs and the materials provided to consumers with the Plaintiff's goods.

85. Plaintiff exercises a great degree of control and oversight in the production and post-production stages of the creation and marketing of its products. This is to insure that all of the Plaintiff's productions retain their distinctive character

and quality, so as to maintain the Plaintiff's reputation in the relevant marketplace. See **Exhibit I**, Declaration of Mat Johnsonbaugh (hereinafter Johnsonbaugh dec.) ¶ 25.

86. Plaintiff has, at all times relevant hereto, taken care to enforce its trademarks and to prevent third parties from infringing thereupon.

87. Plaintiff has, at all times relevant hereto, exercised significant control over the technical quality of its goods and services, including but not limited to the Plaintiff's copyrighted works, as well as the packaging, duplication, manufacture, and distribution thereof, in order to maintain the overall quality of the goods bearing the Plaintiff's trademarks and to protect the value of the relevant trademarks.

88. Defendants' unlawful sale of counterfeit DVDs bearing the Plaintiff's trademarks constitutes an intentional and unlawful use of the Plaintiff's trademarks. This misuse constitutes a false designation of origin, and is likely to cause confusion in the marketplace as to the source or origin of the counterfeit DVDs; is likely to cause consumers to mistake the counterfeit DVDs for actual goods produced by the Plaintiff; and, is likely to deceive the public accordingly.

89. Defendants' unlawful use of the Plaintiff's trademarks was made in connection with the Defendants' sale of goods that are in direct competition with the Plaintiff and such sales were made to customers who otherwise would have been customers of the Plaintiff.

90. This misuse has caused the Plaintiff's customers, members of the relevant trade, and other end users to suffer confusion, mistake, and/or to be deceived as to the origin and authenticity of the counterfeit DVDs.

91. Defendants' DVDs are not of the same quality as the Plaintiff's DVDs; for example:

    a. The menu sequence in Defendant TRICE's DVDs is amateurish and poorly designed when compared to the DVDs that the Plaintiff sells under its trademark. See **Exhibit I**, Johnsonbaugh dec. ¶ 46.

     b. Defendant TRICE's DVDs do not give the user the option to choose languages in the soundtrack other than English, unlike the DVDs that the Plaintiff sells under its trademark, which allow the viewer to choose multiple languages. **Exhibit I**, Johnsonbaugh Dec. at ¶ 28 and ¶ 48.

     c. The video quality of Defendant TRICE's DVDs are of markedly poorer quality than the video quality of the DVDs that the Plaintiff sells under its trademark. **Exhibit I**, Johnsonbaugh Dec. ¶ 44, ¶ 49, and ¶ 50.

     d. The packaging of the DVDs is of poor quality. **Exhibit I**, Johnsonbaugh Dec. ¶ 41.

     e. The DVDs give the impression that Corbin Fisher produced low-budget, low quality DVDs. **Exhibit I**, Johnsonbaugh Dec. ¶ 50.

92. The above-noted quality deficiencies in TRICE's products serve to diminish the Plaintiff's standing in the marketplace and violates the Plaintiff's right to control the quality of materials in the marketplace that bear the Plaintiff's trademarks.

93. Since Defendant BROWN's and John Doe 2's DVDs are manufactured by copying Defendant TRICE's DVDs, the aforementioned deficiencies apply to his products as well. See **Exhibit J**.

94. Both Defendants' conduct infringes upon the Plaintiff's Trademarks.

95. On information and belief, as a direct and proximate result of their conduct, Defendants TRICE and BROWN have realized and continue to realize profits and other benefits rightfully belonging to the Plaintiff.

96. Defendants have willfully engaged in, and are willfully engaging in, the acts complained of in this complaint with malice, fraudulent intent, and in conscious disregard for the Plaintiff's intellectual property rights and other legal rights.

97. With respect to the acts committed by Defendant TRICE, the Plaintiff has suffered damages of an amount to be determined at trial, but, as a matter of law, no less than $49,500.00.

98. With respect to the acts committed by Defendant BROWN and John Doe 2, the Plaintiff has suffered damages of an amount to be determined at trial, but no less than $52,500.00.

99. Plaintiff has been damaged by the Defendants' conduct, continues to be damaged by such conduct, and has no adequate remedy at law to compensate the Plaintiff for all of the possible damages stemming from Defendants' conduct.

100. As Defendants TRICE's and BROWN's conduct was an intentional act, using the Plaintiff's federally registered trademarks, and undertaken in order to unfairly compete with the Plaintiff's business, the Plaintiff is entitled to treble damages, attorney's fees, and costs of suit.

101. Additionally, Defendants' brazen and willful conduct in this case rises to the level of it being an "exceptional case," thus independently entitling the Plaintiff to an award of its attorneys fees expended in order to bring this action.

### THIRD CAUSE OF ACTION
### Injunctive Relief

102. Plaintiff repeats and incorporates by reference each and every allegation set forth above in paragraphs 1 through 101, inclusive.

103. Defendants TRICE's and BROWN's acts of unfair competition, trademark infringement, and copyright infringement have caused Plaintiff to suffer severe and irreparable harm, for which there is no adequate remedy at law.

104. Plaintiff is informed and believes, and on that basis alleges, that absent an order from this Court, Defendants TRICE and BROWN will continue to operate their enterprise and will continue to cause the Plaintiff to suffer continuing damages for which there are no adequate remedies at law.

105. Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief to enjoin any further such acts on the part of the Defendants or any party or entity acting in consort with them.

## **WHEREFORE; PLAINTIFF PRAYS**

106. That this court issue a Temporary Restraining Order enjoining Defendants TRICE, BROWN, John Doe 2, and their respective agents, employees, successors, assigns, and all other persons who may be acting in concert with him or them from:

    a. Destroying, secreting, shipping, or in any way transferring any DVD which appears to be a copy of any of the Plaintiff's copyrighted works, or any and all other DVD copies of works bearing the Plaintiff's trademarks, name, or logos; and,

    b. Erasing, deleting, altering, or destroying any documents, electronic files, business records, or any other records of any kind that pertain to the purchase, sale, copying, reproduction, duplication, dissemination, and/or distribution of any DVDs bearing the Plaintiff's copyrighted works or bearing the Plaintiff's trademarks; and,

    c. Copying, causing to be copied, purchasing and/or selling any additional counterfeit copies of the Plaintiff's intellectual property; and,

107. That the Court issue a Preliminary Injunction in accordance with the Order requested above.

108. That the Court issue a Permanent Injunction in accordance with the Order requested above.

109. That Defendants TRICE, BROWN, and John Doe 2 be required to pay Plaintiff's actual damages proximately resulting from the Defendants' acts, or statutory damages for each violation, as the Plaintiff may elect as a matter of right.

110. That the Defendants be required to pay treble damages for their willful trademark infringement; and

111. That Defendants account for:

    a. All gains, profits, and advantages of any kind derived by them by their aforementioned and complained-of acts and business practices; and,

    b. All gains, profits, and advantages derived by the infringement upon the Plaintiff's copyrights, or such damages as this Court shall deem proper within the provisions of the Copyright Act, up to $150,000 for each unlawful duplication and distribution of the Plaintiff's works, which was intentionally and unlawfully infringed upon by the Defendants; and,

112. For statutory and/or exemplary damages, as awarded by this Court; and,

113. That Defendants be required to deliver up to be impounded during the pendency of this action:

    a. All copies of the Plaintiff's works, in any format, in Defendants' possession or under his control,

    b. All infringing copies and/or digital masters, plates, molds, equipment, computers, hard drives, DVD burners, and all other equipment and other matter for making such infringing copies and counterfeit goods; and,

114. That Defendants pay to the Plaintiff its reasonable attorneys' fees pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a).

115. That Defendants pay the Plaintiff the costs of this action; and,

116. For any additional and further relief which this Court deems to be just and proper.

///
///

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: December 3, 2009

                                              Respectfully Submitted,

                                              s/ Robert A. DePiano_____

                                              Robert A. DePiano
                                              Attorney for Plaintiff,
                                              Liberty Media Holdings, LLC