UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC,<br><br>                            Plaintiff,<br>  vs.<br><br>ERIC BROWN,<br><br>                            Defendant. | CASE NO. 09-CV-2284W<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR DEFAULT JUDGMENT (Doc. 16.)** |

Pending before the Court is Plaintiff Liberty Media Holdings, LLC's ("Plaintiff") motion for default judgment against Defendant Eric Brown ("Brown"). The Court decides the matter on the papers submitted and without oral argument. <u>See</u> S.D. Cal. Civ. R. 7.1(d)(1). For the reasons outlined below, the Court **GRANTS** Plaintiff's motion.

I. <u>B</u>ACKGROUND

On October 14, 2009, Plaintiff commenced this copyright and trademark infringement action. (Doc. No. 1.) On December 4, 2009, Plaintiff filed its First Amended Complaint ("FAC") adding Brown as a defendant in the action. (Doc. No. 5.) On January 7, 2010, Plaintiff filed a motion for entry of default judgment against Brown. (Doc. No. 9.) On January 8, 2010, default was entered as to Brown. (Doc. No. 11.) Plaintiff has now moved for default judgment. (Doc. No. 16.)

## II.     LEGAL STANDARD

Rule 55(b)(2) of the Federal Rules of Civil Procedure governs applications for default judgment. See FED. R. CIV. P. 55(b)(2). Entry of a default judgment is within the trial court's discretion. See Taylor Made Golf Co. v. Carsten Sports, Ltd., 175 F.R.D. 658, 660 (S.D. Cal. 1997) (Brewster, J.) (citing Lau Ah Yew v. Dulles, 236 F.2d 415, 416 (9th Cir. 1956)). Upon entry of default, the factual allegations in plaintiff's complaint, except those relating to damages, are deemed admitted. See, e.g., Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).

## II.     DISCUSSION

Plaintiff's FAC lists the following two causes of action against Brown: (1) federal copyright infringement; (2) federal trademark infringement. (Doc. No. 5.) The Court considers each claim individually.

### A.     FEDERAL COPYRIGHT INFRINGEMENT

To establish a claim for copyright infringement, Plaintiff must prove (1) ownership of a valid copyright and (2) copying of constituent elements of work that are original. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co. Inc., 499 U.S. 340, 361 (1991) (citing Harper & Row, 471 U.S. 539, 548 (1985)); Funky Films, Inc. v. Time Warner Entm't Co., L.P., 462 F.3d 1072, 1076 (9th Cir. 2006).

Plaintiff has provided evidence establishing ownership of a valid copyright for each of the of 70 works contained on the counterfeited DVDs. (Doc. No. 5 at ¶ 67; Ex. G.) Plaintiff has also provided evidence showing Brown purchased illegally pirated DVDs containing Plaintiff's copyrighted works (Id. at ¶ 38; Ex. A-B) and further duplicated and sold these counterfeited DVDs for profit on eBay (Id. at ¶ 40; Ex. C). Further, Plaintiff has alleged that these works are original. (Id. at ¶ 6.)

Therefore, Plaintiff has provided allegations and evidence sufficient to establish that Brown is liable for federal copyright infringement.

### B.  FEDERAL TRADEMARK INFRINGEMENT

Plaintiff has failed to provide the Court with a factual or a legal basis to substantiate a claim for federal trademark infringement in the instant motion for default judgment. (See Doc. No. 16 at 5:12–13.) As such, Plaintiff's federal trademark infringement claim is **DENIED.**

## III.  RELIEF

As relief for Brown's copyright infringement, Plaintiff seeks (1) statutory damages in the amount of $1,750,000; (2) a permanent injunction banning further infringement of Plaintiff's work; and (3) attorney's fees pursuant to 17 U.S.C. § 502(a).

### A.  STATUTORY DAMAGES

The Copyright Act allows copyright owners to elect an award of statutory damages, rather than actual damages, at any time before final judgment. 17 U.S.C. 504(c)(1). Such award must be at least $750 but not more than $30,000. Id. In cases where the court finds the infringement was committed willfully, the court has the discretion to increase the award to $150,000. Id. at (c)(2). The award of statutory damage discourages infringement by serving both compensatory and punitive purposes, allowing a plaintiff to recover whether or not there is adequate evidence of harm suffered by the plaintiff or gain recognized by the defendant. L.A. News Serv. v. Reuters Television Int'l, 149 F. 3d 987, 996 (9th Cir. 1998); Peer Int'l Corp. 909 F.2d 1332, 1337 (9th Cir. 1990). If statutory damages are elected, the court has broad discretion in selecting the damage award, and is constrained only by the statutory minimum and maximum. Columbia Pictures Indus. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 2001) (citing Peer Int'l, 909 F.2d at 1336).

In this same action against another defendant, Plaintiff settled for $15,000 per violation for a total of $990,000. (See Doc. No. 13.)  Here, Plaintiff contends it is entitled to $25,000 per violation for a total of $1,750,000 in statutory damages because Brown's infringement was willful and malicious.  In support, Plaintiff has produced evidence showing Brown was fully aware of the illegal nature of his business. (See Doc. No. 5; Ex. B, E.) Plaintiff has also shown that Brown continued to counterfeit and sell DVDs for at least a month after being served with the FAC. (Doc No. 16; Ex. C.) Brown's situation also differs from the other defendant because Brown continues to consciously disregard this lawsuit and the judicial system. (See Doc. No. 8 (showing Brown was served on December 8, 2009)) Based on the totality of the circumstances, the Court agrees that Plaintiff is entitled to the requested amount.

Based on the evidence presented and the broad discretion the Court has in the matter, the Court **GRANTS to Plaintiff <u>an award of $1,750,000 ($25,000 per violation x 70 violations).</u>** This award is sufficient to satisfy both compensatory and punitive recovery for Plaintiff.

### B. <u>INJUNCTIVE RELIEF</u>

The Copyright Act authorizes a court having jurisdiction to grant "temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. 502(a).  In order to obtain a permanent injunction under 17 U.S.C. 502(a), Plaintiff must show "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are not adequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." <u>eBay Inc. v. MercExchange, L.L.C.</u>, 547 U.S. 388, 391-92, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006).

Under the <u>Ebay</u> test, Plaintiff has shown it is entitled to an injunction. Plaintiff has established irreparable injury by alleging that its business reputation was irreparably harmed by the confusion caused by the dual production of its copyrighted works. (Doc. No. 5 at ¶ 85-93, 103; Ex. J.) And damage to reputation cannot be calculated with certainty, so traditional monetary damages are inadequate to compensate Plaintiff's harm. <u>MDY Indus., LLC v. Blizzard Entm't, Inc.</u>, 616 F. Supp.2d 958, at 974 (Az. 2009). Moreover, Plaintiff alleges that absent a Court Order, Brown will continue his counterfeit business causing Plaintiff to suffer ongoing damages for which there are no adequate remedies at law. (Doc. No. 5 at ¶ 104.) As mentioned, Brown has substantiated this concern by continuing to sell counterfeited DVDs despite being served with the FAC. (Doc No. 16; Ex. C.)

Plaintiff has also satisfied the third prong of the <u>eBay</u> test by showing the balance of hardship weighs in its favor. A failure to enjoin Brown will result in further harm to Plaintiff; while an injunction might limit Brown's ability to do business. However, because Brown has failed to appear in this case, the Court finds that the balance of hardships leans toward remedy in equity. Finally, the Court finds equitable remedy is warranted considering the public interest in protecting the works of those who have sought copyright protection.

Considering all four factors, the court **GRANTS** Plaintiff's request for a permanent injunction.

### C. <u>Attorney's Fees</u>

Under Section 505 of the Copyright Act, "the court in its discretion may allow the recovery of full costs by or against any party... the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. 505. Plaintiff requests attorney's fees in the amount of $7,188.00 the Court finds this sum to be reasonable, especially in light of the relative amount of the statutory damage award.

In light of the foregoing, the Court **GRANTS** Plaintiff's requests and awards attorney's fees in the **amount of $7,188.00.**

IV. C<small>ONCLUSION</small>

For the reasons above, the Court **GRANTS** Plaintiff's motion for default judgment against Defendant Eric Brown. **(**Doc. No. 16.) Specifically, the Court orders:

1. A judgment be entered in favor of Plaintiff in the amount of $1,750,000.

2. Eric Brown is **PERMANENTLY ENJOINED** from printing, reproducing, distributing, or otherwise making available any material that infringes the plaintiff's copyright or any derivation thereof, or which by imitation or other similarity to those of the copyright are likely to cause confusion, mistake, dilution, or deception as to affiliation of services between defendants and plaintiff.

3. Plaintiff is awarded $7,188.00 in attorneys' fees.

**IT IS SO ORDERED.**

DATED: May 28, 2010

_____
Hon. Thomas J. Whelan
United States District Judge